Law Library Superior Court of Guam

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

vs.

JOY DALIKODATH,

Defendant.

)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM 1022-11

**DECISION AND ORDER**
**(Motion to Suppress)**

This matter came on for hearing on March 3, 2012 before the HONORABLE JUDGE ELIZABETH BARRETT-ANDERSON, on Defendant's Motion to Suppress. Defendant is represented by Assistant Public Defender Suresh Sampath. The People are represented by Assistant Attorney General James C. Collins. Having considered the arguments and briefs herein, the Court now renders the following decision.

### FACTUAL BACKGROUND

On September 30, 2011, at approximately 2:47 a.m., Officers of the Guam Police Department (hereinafter "Officers") effected a traffic stop of the Defendant (hereinafter "Dalikodath") swerving in and out of lanes along Route #14, in Tamuning. Dalikodath had been observed to be looking up at the sky while the traffic light was green in front of the St. Anthony intersection. At 2:48 p.m., Officers approached Dalikodath's vehicle and requested his driver's license and vehicle registration. Dalikodath did not have a driver's license. The Officers noted a strong odor of intoxicants, and when asked Dalikodath admitted to drinking two (2) beers. At approximately 2:52 p.m. Dalikodath agreed to perform the Standardized Field Sobriety Test ("SFST"), which he was unable to finish. As Dalikodath exited the vehicle, he had to support himself on the vehicle door. Dalikodath was arrested at 10:00 p.m. There is no dispute as to these facts. On September 30, 2011, Dalikodath was charged with 1) Driving While Under the Influence of Alcohol, as a misdemeanor; and 2) Operating a Motor Vehicle without a Valid License, as a petty misdemeanor.

## DISCUSSION

Dalikodath moves to suppress "any and all evidence" obtained by the Officers as a result of an unlawful detention of his person in violation of 8 Guam Code Annotated § 30.10-30.60, Guam's "Stop and Frisk" statute. Guam law provides that "[n]o person shall be detained under the provisions of § 30.10 longer than is reasonable necessary to effect the purposes of that section, and in no event longer than fifteen (15) minutes... ." 8 GCA § 30.30. Dalikodath argues that he was detained more than the permitted fifteen (15) minutes, and therefore, the remedy for violation should be suppression of any and all evidence seized. Dalikodath cites the Court to an earlier decision of this Court in *People v. Santos*, CM 805-09 (Super. Ct. Guam July 2, 2010), wherein this Court concluded the police officers had detained the defendant longer than lawfully permitted under the facts of the case. For the following reason, the Court is abandoning its ruling in *Santos* based on the following analysis.

The purpose for Guam's "Stop and Frisk Act" is for 'investigatory stops' where the police officer has reasonable suspicion that a person has, is, or is about to commit a criminal offense. 8 G.C.A. §30.20. A police officer then has fifteen (15) minutes to ascertain the identity of individual and determine the circumstances surrounding his presence. See §30.30. If probable cause arises during the 'investigatory stop' the police officer is permitted to arrest the individual. See §30.40 The time limitation for the statute's 'brief detention' under section 30.10 no longer governs once probable cause has been formed.

At 2:48 a.m. on September 30, 2011, Officers pulled over the Defendant for an 'investigatory stop' because he was weaving in and out of traffic. The Officers requested Dalikodath to submit to the SFST based on the reasonable suspicion Defendant was Driving under the Influence of Alcohol. The SFST was discontinued for safety reasons as Dalikodath was unable to maintain balance and nearly fell. Sometime between 2:28 a.m. and 3:00 a.m. the Officers asked Dalikodath if he had consumed alcohol, to which he admitted to having drunk two (2) beers. During this investigatory stop, the Officers had probable cause to arrest Siren shortly before 3:00 a.m. based on his admission to having drunk alcohol. Once probable cause is formed during the "investigatory stop", the fifteen (15) minute time limit for purposes of section

30.10 no longer governed. The "investigatory stop", then becomes a detention and need only pass constitutional muster against unreasonable searches and seizures guaranteed by the Fourth Amendment.

The United States Supreme Court has repeatedly rejected the application of a bright-line time limit for Fourth Amendment detentions. See United States v. Sharpe, 470 U.S. 675, 685 (1985). Although having a 'bright-line' rule would be helpful in evaluating whether an investigative detention is unreasonable, a police officer's common sense and judgment must ultimately govern their conduct. In United States v. Place, the Court reasoned that "[s]uch a limit would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation." Place, 462 U.S. 696, 709, n.10 (1983). The Guam legislature has provided clear framework for 'stops' for the purposes of section 30.30 and the facts in this case do not trigger its application.

Defendant reminds the Court an individual can voluntarily consent to an extended detention beyond the fifteen (15) minute period for investigatory stops allowed on Guam. In the present case, Dalikodath argues that he did not consent to the extended detention because he was not informed by Officers that he either had the right to refuse to take the SFST or that he had the right to terminate the encounter and walk away. See, Declaration of Joy Dalikodath. This statute, however, is only applicable in circumstances without probable cause. When probable cause is found, a Defendant's consent[1] is not required for an extended detention. In the present case, probable cause was formed based on the fact Dalikodath was unable to maintain balance and nearly fell during the SFST. The existence of probable cause does not require consent for an extended detention. The Officers did not violate Dalikodath's Fourth Amendment right against unreasonable searches by exceeding the fifteen (15) minute period.

Accordingly, this Court does not agree with Defendant's assertion that "all and any" evidence from a detention should be suppressed under §30.60. Although the Court in *Santos* did

---

[1] Only under circumstances in absence of probable cause, is Defendant's consent an issue. In *People vs. Melvin Rosario Santos*, the Guam Supreme Court found since probable cause was not established and Defendant's consent was questionable, the evidence from the search was to be suppressed based on the "fruit of the poisonous tree" doctrine.

not address the suppression issue, the Court will do so now. Guam law provides that "[n]othing seized by a peace officer *in the search authorized by §30.50* [Weapons Search Permitted] shall be admissible against any person in any court of this Territory unless both the detention and the search which disclosed its existence was authorized by and conducted in compliance with the provisions of this Chapter" 8 G.C.A. §30.60. In the present case, there is no evidence to suppress from a search of the Defendant based on the following analysis.

A "detention" for purposes of section 30.30 is limited to ascertaining the identity of the person and the circumstances surrounding his presence. See §30.20. A request for identification and investigation does not generally constitute a seizure under Terry, and more importantly, does not implicate the Fourth Amendment. Under Terry, a 'detention' occurs when a "police officer accosts an individual and restrains his freedom to walk away." Terry v. Ohio, 392 U.S. 1, 16 (1968); see also People v. Santos, 2003 Guam 1, ¶ 52 (Sup. Ct. Guam 2003) The Court of Appeals in Michigan found the determining factor in assessing whether a "detention is too long in duration to be justified as an investigatory stop is whether the police were diligently pursuing a means of investigation that was likely to confirm or dispel their suspicions" People v. Chambers, 489 N.W.2d 168, 125, (1992).

Defendant urges the Court to rely on its ruling in *People v. Santo,* CM 0332-11, Superior Court of Guam, July 2, 2010. This Court abandons its ruling in *Santos*[2] wherein it concluded police officers have fifteen (15) minutes to make an *arrest* after the onslaught of probable cause following an initial investigatory stop. This Court has not previously adhered to such analysis. *People v. Pascual* CF 370-08, Superior Court of Guam, January 11, 2010; *People v. Tedtaotao,* CF 50-09, Superior Court of Guam, April 20, 2009.

Even if Section 30.30 was violated, this Court finds that suppression is not an appropriate remedy. The fifteen (15) minute limitation is a statutory right prescribed by the Guam legislature, not a constitutional right. The Fourth Amendment protects against

---

[2] More specifically, this Court abandons its faulty logic in Decision & Order (July 2, 2010) on p. 5 ¶ 2. "The existence of probable cause does not alter the time and place limitations of 8 G.C.A. §30.20" Instead, the Court finds the existence of probable cause *does alter* the time and place limitations of Section 30.20. If probable cause is found during the "investigatory stop", the exclusionary rule is not triggered even after the expiration of the fifteen (15) minute time limitation.

unreasonable searches and seizures applies pursuant to §1421b(c) of the Organic Act of Guam; however, nothing in the Act incorporates the fifteen (15) minute limitation as a constitutionally-afforded right to the people of Guam. In addition, Section 30.50 only applies to weapons search and is inapplicable to the present case, as no weapons search occurred. Section 30.60 provides the admissibility of seized evidence found in searches authorized by § 30.50 to be limited to weapons searches. Since no weapons search occurred, this Court finds the suppression of evidence not an appropriate remedy. Based on the foregoing analysis the Defendant's Motion to Suppress is **DENIED**.

This matter is set for Criminal Trial Setting on JUNE 4, 2012 at 9:30 a.m.

**HONORABLE ELIZABETH BARRETT-ANDERSON**
Judge, Superior Court of Guam



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUN 1 3 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam